BUTLER BROS. *v.* UNITED STATES (No. 3510)[1]

United States Court of Customs and Patent Appeals, October 31,.
1932

*Puckhafer, Rode & Tompkins* (*George J. Puckhafer* of counsel) for appellant.
*Charles D. Lawrence,* Assistant Attorney General (*Thomas J. McKenna,* special
attorney, of counsel), for the United States.

[Oral argument October 6, 1932, by Mr. Puckhafer and Mr. Lawrence]

Before GRAHAM, Presiding Judge, and BLAND, HATFIELD, GARRETT, and.
LENROOT, Associate Judges

GARRETT, Judge, delivered the opinion of the court:

Appellant received at Portal, N. Dak., an importation of merchan-
dise consisting of silk handkerchiefs entered while the Tariff Act of
1922 was in effect, which was assessed for duty at 75 per centum ad
valorem, being classified by the collector of customs under that.
portion of paragraph 1430 of said act which reads:

* * * and all fabrics and articles * * * from which threads have
been omitted, drawn, punched, or cut, and with threads introduced after weav-
ing to finish or ornament the openwork, * * * finished or unfinished, by
whatever name known, and to whatever use applied, and whether or not named,
described, or provided for elsewhere in this Act, * * * 75 per centum ad
valorem.

The importer protested, making alternative claims. Before us all
claims are abandoned except that under paragraph 1209, the essential
portion of which reads:

Handkerchiefs * * * composed wholly or in chief value of silk * * *
hemmed * * * 60 per centum ad valorem.

The classification of the collector seems to have been based upon a
finding by him that the handkerchiefs "had drawn and added
threads."

The United States Customs Court overruled the protest and the
suit has been here appealed.

_____
[1] T. D. 45986.

A sample of the merchandise was filed as evidence and is before us. There was also a stipulation as to facts in the following language:

It is stipulated and agreed between counsel that the merchandise consists of silk handkerchiefs from which certain threads of the basic fabric have been withdrawn and other differently colored thread or threads have been inserted, and that the merchandise is not embroidered.

The issue turns upon the question of whether the inserted threads were "introduced," quoting from the statute, "to *finish* or *ornament* the *openwork*." (Italics ours.)

The United States Customs Court, in the course of its opinion, says:

* * * Had not the colored thread been inserted after the other threads had been drawn the handkerchiefs would have been in part of unfinished openwork. The insertion of these colored threads finishes the open work. * * *

We are unable to agree that the last sentence quoted is correct. We do not think the insertion of the colored threads *finished* the openwork. Upon the contrary, the sample discloses that the inserted threads completely filled the space left by the drawing out of the original threads, and the inserted threads thereby, instead of finishing or ornamenting the openwork, destroyed it. It was imported in this finished condition. No openwork remained in the article to be finished or ornamented.

Since the finishing or ornamentation, not of the article but of the openwork in the article, is the sole issue, and since, as imported, there was no openwork, it follows that we must hold the finding of the United States Customs Court erroneous. The goods should have been classified under paragraph 1209 as claimed in the protest.

The judgment appealed from is *reversed*, and the cause is *remanded* for further proceedings not inconsistent herewith.